**Raymond and Dorothy MITCHELL, Plaintiffs,**

v.

**MAJOR FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Defendants.**

No. C–1–85–756.

United States District Court, S.D. Ohio, W.D.

April 22, 1987.

Drake W. Ebner, Steven C. Shane, of counsel, Ebner & Riker, Cincinnati, Ohio, for plaintiffs.

Timothy S. Black, Cincinnati, Ohio, for defendants.

## OPINION AND ORDER

HERMAN J. WEBER, District Judge.

This is an action brought under the federal Truth–In–Lending Act ("Act"), 15 U.S.C. § 1601 *et seq.* Plaintiffs complain that defendant Major Federal Savings & Loan Association ("Major Federal") is illegally collecting eight dollars ($8.00) every month from them as a charge for servicing their five percent (5%) city-subsidized home improvement loan. It is before the Court for judgment upon its merits after a trial to the Court. Defendants dispute the subject matter jurisdiction of this court pursuant to the Act. Personal jurisdiction is not contested.

### FINDINGS OF FACT

Plaintiffs, Raymond and Dorothy Mitchell, are residents of the State of Ohio who entered into a closed-end consumer credit transaction in which they were extended credit in consideration of a mortgage in their real estate.

Defendant Major Federal, is an insolvent financial institution which, at the time of the transaction with plaintiffs, was a federally chartered savings and loan association organized and existing under the laws of the United States. Major Federal was declared insolvent by the Federal Home Loan Bank Board ("Board") on July 25, 1986 and the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed the sole receiver for the purpose of liquidation.

Defendant FSLIC is an instrumentality of the United States and insured the ac-

counts of Major Federal. FSLIC has been made a defendant in this action in its capacity as receiver for Major Federal.

The City of Cincinnati ("City") established a loan fund through the Housing Rehabilitation Loan Program to provide financing for persons of low and moderate income in order to rehabilitate housing within designated neighborhoods through the use of low interest and deferred payment loans provided by the City and through homeowner loans provided by Major Federal.

The funds provided by the City under this program were Community Development Block Grant ("CD") funds provided by agreement between the City and the U.S. Department of Housing and Urban Development. Interest was paid to the City by Major Federal on the City's deposit of CD funds.

An account was established in the City's name by Major Federal to receive deposits of CD funds from the City for disbursement as Housing Rehabilitation Loans under the Housing Rehabilitation Loan Program.

Major Federal agreed to act as escrow and servicing agent for the City in the making and collection of the loans authorized by the City pursuant to the Housing Rehabilitation Loan Program. Funds were disbursed only upon the written authorization of the City. All such Housing Rehabilitation Loans generated were upon referral by the City.

As compensation for servicing these loan accounts, Major Federal was authorized to charge each borrower a monthly servicing fee of $8.00 per month.

The Housing Rehabilitation Loans were made from 1) solely federal CD funds deposited in the Housing Rehabilitation Loan account, or 2) solely Major Federal funds committed by agreement, or 3) a combination of CD and Major Federal funds. The interest rate for the CD funds loaned was determined by a loan review committee based on program criteria; the interest rate for Major Federal funds loaned, whether 100% of a loan or combined with CD funds was the lesser of 1) one percent-

age point less than the current Cincinnati area fair market rate as determined by FSLIC, or 2) a percentage determined by Major Federal.

The City approved plaintiffs' application for a Housing Rehabilitation Loan on April 11, 1984; plaintiffs' Housing Rehabilitation Loan was made from solely CD funds deposited in the Housing Rehabilitation Loan account. The City approved plaintiffs' loan in the amount of $18,000 at 5% interest for a term of 15 years (loan no. CD–183–166–EV). Major Federal did not contribute any funds to plaintiffs' loan.

## CONCLUSIONS OF LAW

The written agreement between the City and Major Federal is plain and unambiguous. The agreement clearly sets forth Major Federal's obligations as escrow and servicing agent for the loan programs established by the City with federal CD funds; Major Federal's services were professional and non-competitive in nature.

The City established the operating procedures and program guidelines for its Housing Rehabilitation Loans; Major Federal performed services as agent for the City in the making and collection of the loans and all actions taken by Major Federal in connection with these loans were pursuant to authorization by the City.

█ FSLIC is an agency of the United States, and the City is a political subdivision of the State of Ohio as set forth in 15 U.S.C. § 1612(b). As such, neither the City nor FSLIC is subject to civil penalty for violations of the Truth–In–Lending Act pursuant to § 1612(b).

█ This Court finds that the facts establish that the creditor in this case is the City, and that Major Federal is merely the "straw man." All exhibits and testimony indicate that plaintiffs' loan was with the City and made pursuant to terms set forth by the City. Major Federal did not, and could not, act as the creditor for plaintiffs' loan without the program and account set up by the City with the funds provided by the federal government.

■ Since this Court is precluded by Congress from proceeding with plaintiffs' claims against the City under the Truth–In–Lending Act, and since all concepts of fairness and justice preclude this Court from proceeding against Major Federal which was acting as a servicing agent of the City, this Court finds that it lacks jurisdiction over the issues presented in this case.

## CONCLUSION

For the reasons set forth above, any issue with regard to this Court's subject matter jurisdiction over FSLIC is hereby rendered MOOT as any administrative action against FSLIC may proceed and is not affected by this Order. Accordingly, it is the judgment of this Court that the purpose and express language of the Truth–In–Lending Act clearly prohibit plaintiffs from claiming violations of the Act by either the City or FSLIC, and that the facts of this case do not establish a violation of the Act on the part of Major Federal. Plaintiffs' Complaint, therefore, is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.